IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD H., | ) | |
| | ) | No. 24 C 3827 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Reginald H. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for benefits on July 9, 2021, alleging a disability onset date of July 9, 2021. (R. 58). His claim was denied initially, on reconsideration, and following a hearing. (R. 24-35, 67, 78.) The Appeals Council denied review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 26.) At step two, the ALJ found that plaintiff has the severe impairments of acute disseminated encephalomyelitis associated with hemorrhagic leukoencephalitis of Hurst, vision loss, optic disc edema, and neuro-retinitis. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 27.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform light work with a number of exceptions. (R. 28-33.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform and thus he is not disabled. (R. 34-35.)

Plaintiff argues that the ALJ erred in discounting the opinion of Dr. Samardzija, the psychological evaluator. Dr. Samardzija said:

2

> On the mental status examination, [plaintiff] exhibited no impairment in calculations, no impairment in general knowledge, no impairment in the ability to compare and contrast objects, no impairment in judgment and no impairment in abstract thinking relative to interpreting proverbs. Overall, his orientation was adequate, appearance was well groomed and dressed nicely, behavior was anxious, but he was respectful and appropriate, and his memory was poor. His ability to relate during the examination was highly anxious. The claimant had difficulty attending to the tasks at hand, although he did well on the mental status.

(R. 1125.) The doctor also said that plaintiff's abilities to relate to co-workers, supervisors, and the public and to understand, remember, and follow simple directions were impaired and his abilities to maintain attention to perform simple, repetitive tasks, to sustain concentration, persistence, and pace, and to withstand the stress and pressures associated with a day-to-day work activity were poor. (R. 1126.) The ALJ did not find this opinion persuasive because, "it is vague and does not set forth what limitations the claimant's impairments would cause on his ability to perform work-related activities." (R. 33.)

Plaintiff says the ALJ was required to seek clarification of the doctor's "vague" opinions. The Court agrees. According to the regulations, a consulting examiner's "medical report must be complete enough to help [the ALJ] determine the nature, severity, and duration of the impairment, and **residual functional capacity**." 20 C.F.R. § 404.1519n(b) (emphasis added). The regulations further state that if a report is "incomplete or inadequate" the ALJ "will contact the medical source" and "ask that [they] furnish the missing information or prepare a revised report." 20 C.F.R. § 404.1519p(b). As the Commissioner acknowledges, the ALJ said Dr. Samardzija's opinion was "vague and d[id] not set forth what limitations [plaintiff's] impairments would cause on his ability to perform work-related activities" (R. 33), *i.e.*, did not shed light on plaintiff's RFC. (ECF 16 at 7.) Nonetheless, the Commissioner says, without acknowledging the contradiction, that "[t]here is no indication that [Dr. Samardzija's] report lacked any necessary information or was in any other way inadequate or incomplete [and] the ALJ did not say otherwise." (ECF 16 at 7.) In fact, that is

3

exactly what the ALJ said, and having found the report to be lacking he was required to seek more information. In the words of the Seventh Circuit:

> [T]he ALJ did not fulfill his regulatory duty to recontact Dr. Linford—the agency's consulting examiner—upon finding the doctor's report inadequate. *See* 20 C.F.R. § 404.1519p(b) (requiring an ALJ to obtain more information or a new report if a consultant's report is "incomplete or inadequate"). If the ALJ was concerned that Dr. Linford "did not provide any specific limitations or explain the rationale for his conclusions," he should have followed up with the doctor. *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004). [Plaintiff] had the burden of proving disability, of course, but the ALJ had a duty to develop a fair and full record if he did not receive an adequate report from an examining consultant.

*Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *5 (7th Cir. Mar. 15, 2023); *see Robert D. v. Kijakazi*, No. 22 C 3714, 2023 WL 4825678, at *2 (N.D. Ill. July 27, 2023) (remanding case because "the ALJ found the lack of specificity as to certain limitations to be an inadequate feature of the consultative examiner's report" but did not request more information). In short, this case, like those in *Cieszynski* and *Robert D.*, must be remanded.[1]

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [12], denies the Commissioner's motion for summary judgment [15], reverses the Commissioner's decision, and pursuant to the fourth sentence of 20 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**   ENTERED:  October 23, 2024

**M. David Weisman**
**United States Magistrate Judge**

---

[1] With this well-established caselaw in place, coupled with the obvious factual deficiencies that the Commissioner simultaneously acknowledges and ignores, the Court is somewhat perplexed as to why the Commissioner did not opt for an agreed remand.